*E-Filed 5/21/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY CLARKE, | No. C 12-0382 RS (PR) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| MATTHEW CATE, et al., | |
| Defendants. | |

# INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Plaintiff filed an original and then an amended complaint. The Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915A(a).

# DISCUSSION

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and

No. C 12-0382 RS (PR)
ORDER DISMISSING COMPLAINT

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that defendants, employees of the California Department of Corrections ("CDCR") and Salinas Valley State Prison, violated his (1) equal protection rights by placing him on a modified program based on his race following a January 20, 2011 prison riot; (2) Eighth Amendment rights by restricting his outdoor exercise time in retaliation for his assault on a staff member; (3) Eighth Amendment rights by discontinuing his prescription for a pain medication; (4) First and Fourteenth Amendment rights by classifying him as a gang member; (5) First Amendment rights by denying him Islamic services; (6) Eighth Amendment rights by serving him unhealthy food; and (7) First Amendment rights by retaliating against him.

1    Claims 2–7 are DISMISSED without prejudice on grounds that the claims allege
2 different claims against different defendants. *See* Fed. R. Civ. P. 15 & 20. If plaintiff seeks
3 relief for these disparate claims he must file a separate civil rights action for <u>each</u> claim.

4    Claim 1, however, survives initial screening. When liberally construed it does state a
5 claim for relief under § 1983. Because the other claims have been dismissed, the defendants
6 in this action have changed. Plaintiff must file an amended complaint naming the defendants
7 pertinent to claim 1 <u>alone</u>. When doing so, plaintiff must be mindful about naming persons
8 who occupy supervisory positions, e.g., Matthew Cate, Secretary of the CDCR. There is no
9 respondeat superior liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.
10 1989). It is not enough that the supervisor merely has a supervisory relationship over the
11 defendants; the plaintiff must show that the supervisor "participated in or directed the
12 violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore,
13 supervisor defendants are entitled to qualified immunity where the allegations against them
14 are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the
15 supervisors' personal involvement in their subordinates' constitutional wrong. *Ashcroft v.*
16 *Iqbal*, 129 S. Ct. 1937, 1948–52 (2009) (noting no vicarious liability under Section 1983 or
17 *Bivens* actions). So it is insufficient for a plaintiff to allege only that supervisors knew about
18 the constitutional violation and that they generally created policies and procedures that led to
19 the violation. He must allege "a specific policy" or "a specific event" instigated by them that
20 led to the constitutional violations. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

21    Accordingly, the complaint is DISMISSED with leave to amend. Plaintiff shall file an
22 amended complaint within 30 days from the date this order is filed. The second amended
23 complaint must address all the deficiencies listed above, and include the caption and civil
24 case number used in this order (12-0382 RS (PR)) and the words SECOND AMENDED
25 COMPLAINT on the first page. Because an amended complaint completely replaces the
26 previous complaints, plaintiff must include in his first amended complaint *all* the claims he
27 wishes to present and *all* of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963

F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may *not* incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff's motion to have meaningful access to the law library (Docket No. 7), by which plaintiff means to have his physical restraints (viz., handcuffs and chains) removed, is DENIED.  Plaintiff's complaint makes clear that he has sufficient access to and use of the law library.  Plaintiff's motion to file a first amended complaint (Docket No. 4) is GRANTED. The Clerk shall terminate Docket Nos. 4 and 7.

**IT IS SO ORDERED**.

DATED:  May 21, 2012

_____
RICHARD SEEBORG
United States District Judge